UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHELIA THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-1414 CAS |
| | ) | |
| AMERISTAR CASINO | ) | |
| ST. CHARLES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on defendant Ameristar Casino St. Charles, Inc.'s partial motion to dismiss or, in the alternative, to strike claims in plaintiff's first amended complaint. [Doc. 26] In its motion, defendant avers that plaintiff, who brings three of her counts under Title VII of the Civil Rights Act of 1964, failed to exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") concerning allegations of defendant's failure to promote and failure to accommodate plaintiff. Plaintiff responded to defendant's partial motion to dismiss with an affidavit in which she states she attempted to file a charge regarding defendant's alleged failure to promote and failure to accommodate, but personnel at the EEOC misled her regarding the procedures and requirements of filing a charge.

Under Federal Rule of Civil Procedure 12(b), a motion to dismiss for failure to state a claim upon which relief can be granted "shall be treated as one for summary judgment if matters outside the pleadings are presented to and considered by the court." Inland

Container Corp. v. Continental Ins. Co., 726 F.2d 400, 401 (8th Cir.1984). Generally, however, the parties are "entitled to notice that [the] conversion is occurring." Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1005 (8th Cir. 2000). See also Horsehoe Entm't, L.P. v. General Elec. Capital Corp., 990 F. Supp. 737, 740 (E.D. Mo. 1997) ("[w]hen matters outside the pleadings are presented on a motion to dismiss, a court may either treat the motion as one to dismiss and exclude the matters outside the pleadings, or treat the motion as one for summary judgment and provide the parties with notice and an opportunity to provide further materials") (citing Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992)).

In this case, the Court finds it necessary to consider material outside the scope of the pleadings in determining the issue of exhaustion. Therefore, under the authority of Federal Rule of Civil Procedure 12(b), the Court will treat defendant's partial motion to dismiss for failure to state a claim, which was filed pursuant to Rule 12(b)(6), as a partial motion for summary judgment under Rule 56. While the Court believes the parties have supplied sufficient material in support of and opposition to the motion to dismiss for the Court to decide the issue, the parties will be given a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's partial motion to dismiss is converted to a partial motion for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. [Doc. 26]

**IT IS FURTHER ORDERED** that the parties shall have eleven (11) days to submit any additional material, including statements of undisputed material facts as required by Local Rule 4.01(E). Upon the filing of any such material, the parties shall have five (5) days to file responses thereto.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_\_28th\_\_\_ day of August, 2007.