**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SHELIA THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-1414 CAS |
| | ) |
| AMERISTAR CASINO | ) |
| ST. CHARLES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Ameristar Casino St. Charles, Inc.'s partial motion to dismiss or, in the alternative, to strike claims in plaintiff's first amended complaint. [Doc. 26] On September 28, 2007, finding it was necessary to consider evidence outside the pleadings in deciding the motion, the Court notified the parties in a written order that it intended to convert defendant's Rule 12(b)(6) partial motion to dismiss for failure to state a claim into a Rule 56 partial motion for summary judgment. The parties were given eleven (11) days to provide the Court with any additional material made pertinent by the conversion. The deadline to provide such material has expired, and the parties neither supplemented what had been previously submitted nor asked for an extension to do so. Thus, the Court will rule on the motion based on the materials that were initially filed in support of and opposition to the motion.

In its motion, defendant avers that plaintiff Shelia Thompson, who brings three of the counts in her amended complaint under Title VII of the Civil Rights Act of 1964, has not exhausted her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") concerning her allegations of defendant's failure to promote her and failure to accommodate her disability.

Plaintiff responded to defendant's partial motion to dismiss with an affidavit in which she states she attempted to file a charge regarding defendant's alleged failure to promote and failure to accommodate, but personnel at the EEOC misled her regarding the procedures and requirements of filing a charge. Defendant's motion will be denied for the following reasons.

*Legal Standard*

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Ia. v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson, 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour & Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

When ruling on a motion for summary judgment, it is not the court's role to decide the merits. The court should not weigh evidence or attempt to determine the truth of a matter. Rather, the court must simply determine whether a genuine issue of material fact exists. Bassett v. City of Minneapolis, 211 F.3d 1097, 1107 (8th Cir. 2000).

*Background and Discussion*

Plaintiff, a former employee of defendant, filed a filed a six-count amended complaint against defendant in which she alleges, among other things, employment discrimination. More particularly, plaintiff alleges in count I that defendant discriminated against her in violation of Title VII by failing to promote her and by failing to accommodate her disability on account of her race. In count II, plaintiff alleges defendant retaliated against her in violation of Title VII by failing to promote her and by failing to accommodate her disability on account of the fact she complained to human resources regarding racial discrimination and harassment. In the present motion, defendant moves to dismiss and/or strike all claims of and references to defendant's alleged failure to promote and failure to accommodate a disability because plaintiff failed to administratively exhaust these claims.

Defendant correctly points out that Title VII requires administrative exhaustion before filing a lawsuit. Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2166 (2007). To exhaust

one's administrative remedies an individual must timely file a charge of discrimination with the EEOC or a state enforcement agency setting forth the facts and nature of the charge. 42 U.S.C. § 2000e-5(e). Once an individual has received a right to sue notice from the EEOC or state agency, he or she has 90 days in which to file a lawsuit based on allegation that are "like or reasonably related" to the charge that was filed. Mohr v. Dustrol, Inc., 306 F.3d 636, 644-45 (8th Cir. 2002). "[If] the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court." Ledbetter, 127 S. Ct. at 2166-67 (citing to § 2000e-5(f)(1)).

Plaintiff filed a charge of discrimination with the EEOC on June 15, 2006. See Charge of Discrimination, attached to plaintiff's memorandum in opposition as Exhibit A. As defendant points out, plaintiff's EEOC charge does not contain any reference to a failure to promote or a failure to accommodate a disability. Defendant also notes that plaintiff identifies September 29, 2005, her termination date, as the "earliest and latest date on which the alleged discrimination took place," which, it contends, is inconsistent with claims of failure to promote or failure to accommodate. Therefore, defendant argues, any such claims should be dismissed for failure to exhaust.

Plaintiff filed an affidavit in response to defendant's partial motion to dismiss. See Affidavit of Shelia Thompson, attached to plaintiff's memorandum in opposition as Exhibit B. Defendant did not refute the affidavit or submit evidence contrary thereto. Therefore, for purposes of summary judgment, the Court considers the statements made in the affidavit to be uncontroverted facts.

In her affidavit, plaintiff states she went to the local office of the EEOC in March 2006 and met with an intake coordinator. Id. at ¶¶ 3-4. At this meeting, she described in detail the facts of her claims, including defendant's alleged failure to promote and failure to accommodate her disability based on race and the fact she complained about race discrimination. Id. at ¶¶ 4-6. Plaintiff states

she told the intake coordinator that the harassment, discrimination, and retaliation were ongoing throughout her employment and culminated in her discharge. Id. at ¶ 7. Plaintiff states she asked that defendant be charged with all the incidents of race discrimination and retaliation she had described. According to plaintiff, the intake coordinator told her she could not include all of her claims in the charge. Id. at ¶¶ 8, 10. The intake coordinator also told her the EEOC would prepare the charge for her signature. Id. at ¶ 11. An EEOC investigator later contacted plaintiff by telephone, and plaintiff once again described to the EEOC defendant's discriminatory and retaliatory failure to promote her and refusal to accommodate her disability.

Plaintiff states that when she received a copy of the typed charge from the EEOC she called the EEOC investigator to inquire about the fact that most of her allegations were not included in the charge. Id. at ¶¶ 15, 16. According to the sworn affidavit, the EEOC investigator "told [plaintiff] that she could not include everything in the charge and it was not necessary to list each and every detail and that the facts will come out in the investigation." Id. at ¶ 16. Plaintiff was then instructed to sign and return the charge to the EEOC. Id. at ¶ 17. Plaintiff felt she "had no choice but to sign the charge that the EEOC personnel prepared for [her] and forward it to the EEOC for investigation." Id. at ¶ 18.

The fact that allegations of failure to promote and failure to accommodate were not included in her EEOC charge may not be fatal to plaintiff's claims. Filing a timely charge of discrimination with the EEOC "'is not a jurisdictional prerequisite to suit in federal court, but a requirement that . . . is subject to waiver, estoppel, and equitable tolling.'" Schlueter v. Anheuser-Busch, Inc., 132 F.3d 455, 458 (8th Cir. 1998) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Mistakes attributable to the EEOC may equitably toll the exhaustion requirement. Lawrence v.

5

Cooper Cmties., Inc., 132 F.3d 447, 451 (8th Cir. 1998) (finding the timely filing of an EEOC charge may be tolled on account of plaintiff's excusable neglect, "which may or may not be attributable to the defendant") (quoting Anderson v. Unisys Corp., 47 F.3d 302, 306 (8th Cir. 1995)).

As noted by the Eighth Circuit, "[b]y regulation the EEOC has accepted responsibilities beyond the mere acceptance of written charges of discrimination filed by claimants. The Commission shall receive information concerning alleged violations of Title VII from any person. Where the information discloses that a person is entitled to file a charge with the Commission, the appropriate office shall render assistance in the filing of a charge." Cobb v. Stringer, 850 F.2d 356, 360 (8th Cir. 1988) (citing to 29 C.F.R. § 1601.6). Claimants, therefore, should not be penalized by errors or omissions made persons in that agency in light of the responsibilities delegated to the EEOC. Tuft v. McDonnell Douglas Corp., 517 F.2d 1301, 1310 (8th Cir. 1975); Jennings v. American Postal Workers Union, 672 F.2d 712, 715 (8th Cir. 1982) ("[a]n uncounseled plaintiff should not be penalized for the EEOC's mistake of law"). When errors or mistakes by the EEOC, (including misrepresentations by EEOC personnel), have led claimants to miss filing deadlines, the Eighth Circuit has consistently held the doctrine of equitable tolling applies. See Schlueter, 132 F.3d at 458 (applying doctrine of equitable estoppel where evidence showed the EEOC used the wrong date to calculate the filing deadline and/or it mistakenly believed the charge would relate back to the intake questionnaire); Lawrence, 132 F.3d at 452 (applying doctrine of equitable estoppel where EEOC misled plaintiff into believing that submitting an unverified charge information form within the filing deadline would suffice); Cobb 850 F.2d at 360 (finding evidence of excusable neglect that would toll the filing requirement where plaintiff filed an affidavit stating an EEOC employee informed her during an initial interview that she could not include everything in her charge due to the complexity of the

case); Jennings, 672 F.2d at 715 (finding issues of fact existed precluding summary judgment based on timeliness where there was evidence in record that plaintiff attempted to file a charge with the EEOC on several occasions but was mistakenly told by the agency that it lacked jurisdiction over her claim).

Here, plaintiff's affidavit, which was not controverted, creates, at a minimum, an issue of material fact as to whether EEOC personnel misled plaintiff into reasonably believing she need not include all her allegations of discrimination against defendant in her charge, including defendant's alleged failure to promote and failure to accommodate. As the circumstances of this case are nearly identical to the facts in Cobb v. Stringer, the Court finds the doctrine of equitable tolling applies, and defendant's motion for dismissal will be denied. 850 F.2d at 360.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's partial motion to dismiss, which has been converted to a partial motion for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, is **DENIED**. [Doc. 26]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_\_18th\_\_\_ day of September, 2007.